# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ARGIE PUGH,**

        **Plaintiff,**            **Case No.:**

**v.**

**TRUECORE BEHAVIORAL
SOLUTIONS, LLC,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ARGIE PUGH, by and through his undersigned counsel and sues the Defendant, TRUECORE BEHAVIORAL SOLUTIONS, LLC (hereinafter referred to as "TRUECORE " or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, TRUECORE, is a Foreign Limited Liability Corporation authorized and doing business in this Judicial District. At all times material, Defendant operated and managed the Polk Halfway House, which provides detention and rehabilitation services for youth.

4. Plaintiff, ARGIE PUGH, is a resident of Polk County, Florida. At all times material, was an employee of Defendant within the meaning of the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, was qualified to perform his job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, ARGIE PUGH, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on April 2, 2019. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

10. On September 5, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance

of the Dismissal and Notice of Rights; therefore, has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 46 year-old male.

13. On or about April 12, 2001, Plaintiff began his employment with Defendant as a Shift Supervisor. During Plaintiff's employment with Defendant, Plaintiff held the positions of Program Supervisor, Program Technician, Site Trainer/Training Coach. At the end of Plaintiff's employment with Defendant, he held the position of Lead Supervisor.

14. For the preceding seventeen (17) years with Defendant, Plaintiff's employment was without issue. Plaintiff's annual performance reviews met or exceeded yearly goals. Plaintiff earned bonuses when available and enjoyed promotions and differing roles in training and management during his employment with Defendant. Moreover, Plaintiff did not receive any written discipline during his employment with Defendant.

15. In or around June 2018, Plaintiff provided Rochelle Brown (Facility Administrator) with a written leave request regarding his annual vacation and Brown verbally approved the leave. Plaintiff later provided Brown with a copy of his hotel reservations for the period of time he was requesting off in January 2019. For the prior ten (10) years, Plaintiff routinely took vacation around January 10, which coincides with Plaintiff's birthday.

16. In or around October 2018, Antwan Coles (Assistant Facility Administrator) became Plaintiff's immediate supervisor.

17. After becoming Plaintiff's supervisor, Coles began treating Plaintiff and other employees over the age of forty (40) less favorably than the younger employees.

18. Coles made multiple comments about older employees and his preference for younger employees. Those comments include, but are not limited to:

    (a) repeatedly referring to Plaintiff and other older workers as "old eggs";

    (b) referring to Plaintiff's co-worker as "too old";

    (c) bragging about getting the older staff out of the facility;

    (d) discussing his plan of getting rid of older workers and replacing them with "fresh blood";

    (e) stating to one of Plaintiff's co-workers: "if you're too old for this, you need to go."

19. In addition, Joseph L. Seeber (Facility Administrator), made age-based comments in the workplace. The comments include but are not limited to: referring to Plaintiff and other employees as "too old" and referring to Plaintiff's co-worker as an "older guy."

20. Furthermore, Coles began terminating employees over the age of forty (40) or forcing them to resign.

21. Coles also gave preferential treatment to Defendant's younger female staff.

22. On or about October 6, 2018, Plaintiff sustained an on-the-job injury. Specifically, Plaintiff injured his lower back. Defendant failed to promptly initiate Plaintiff's claim for workers' compensation benefits. Thereafter, Plaintiff filed a valid claim for workers' compensation benefits.

23. From approximately October 6, 2018 to November 5, 2018, Plaintiff was out of work due to his serious health condition. Plaintiff required continued physical therapy and medical appointments for his injury. Despite Defendant's knowledge of Plaintiff's serious health condition, Defendant failed to provide Plaintiff with leave under the Family and Medical Leave Act.

24. Upon Plaintiff's return to work, he provided Defendant with appropriate medical documentation concerning his injury and the need for an accommodation. Initially, Plaintiff's light duty accommodations were granted. However, Plaintiff's request for accommodation was denied upon Coles becoming Plaintiff's supervisor.

25. Plaintiff's medical documentation was specific regarding his physical limitations; however, Coles scheduled for Plaintiff for shifts that required more physical engagement rather than less. Specifically, rather than place Plaintiff in a desk duty role that would not require contact with the youth population, Coles placed Plaintiff in a "floor" position that had direct contact with the youth, which included routine floor checks and required engagement in the event that one of the youth became physically aggressive.

26. Following Plaintiff's request for an accommodation for his disability, Defendant began retaliating against Plaintiff.

27. Plaintiff's schedule became inconsistent and there were times when Plaintiff was unaware of whether he was scheduled to work the following day.

28. Plaintiff was labeled as a "fill in," despite his status as a full-time employee.

29. In or around December 2018, Plaintiff verbally informed Coles, Adam Bazini, and Letterva Ries of his intention to take the previously-approved leave/vacation time. Coles verbally authorized Plaintiff's leave.

30. On or about January 4, 2019, Plaintiff spoke with Coles regarding whether his time off should be entered into Paycom since it was time off without pay.

31 On or about January 5, 2019, Coles again acknowledged that Plaintiff would be starting vacation on January 10, 2019.

32. On or about January 10, 2019, Plaintiff's co-worker, Larry Thomas, informed Plaintiff that Coles stated his plan to terminate Plaintiff soon.

33. On or about January 17, 2019, Plaintiff called Coles, informed Coles that he returned from his vacation, and inquired about his next scheduled shift. Coles told Plaintiff that he was removed from the schedule and instructed Plaintiff to contact Anna Bennett (Human Resources).

34. Plaintiff contacted Bennett and was informed that his employment was terminated on or about January 10, 2019. Bennett told Plaintiff that he was terminated due to job abandonment because Plaintiff was a "no-call, no-show." Plaintiff explained that he was on approved vacation, but Bennett claimed that Defendant had no knowledge of his whereabouts.

35. Plaintiff was replaced by a substantially younger female.

36. Plaintiff has knowledge of at least one substantially younger employee of Defendant who intentionally abandoned his job with Defendant and was permitted to return to work for Defendant without discipline.

37. In addition, a substantially younger employee of Defendant engaged in a serious policy violation when she used her personal cell phone in a non-designated area; however, the employee was not disciplined for the policy violation despite Plaintiff providing Coles with video evidence of the infraction.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

38. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

39. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

40. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

41. Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

42. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

43. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant interfered with Plaintiff's FMLA rights by failing to notify Plaintiff of his rights under the FMLA and otherwise denying Plaintiff's request for leave under the FMLA.

44. Defendant's actions constitute violations of the FMLA.

45. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT—DISCRIMINATION

46. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

47. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act and was qualified for his job with Defendant.

48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Specifically, Defendant terminated Plaintiff's employment because of his age.

49. Defendant knew or should have known of the discrimination.

50. Defendant's unlawful and discriminatory employment practices toward were intentional and willful.

51. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

52. As a result of Defendant's unlawful discrimination, has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive relief;

    f. Attorneys' fees and cost;

    g. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION

53. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

54. is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

55. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

56. Plaintiff was a member of a protected class under the FCRA and was qualified for his job with Defendant.

57. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against because of Plaintiff's age. Specifically, Defendant discriminated against by terminating Plaintiff's employment with Defendant.

58. The above described acts of age discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

59. Defendant's unlawful and discriminatory employment practices toward were intentional.

60. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

61. As a result of Defendant's unlawful discrimination, has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT – DISCRIMINATION**

62. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

63. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

64. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

65. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff s back condition substantially limited one or more major life activities, including but not limited to: walking, standing, bending, lifting, and working.

66. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

67. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff s record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant failed to reasonably accommodate Plaintiff s disabilities and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff s employment with Defendant.

68. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

69. Defendant's unlawful and discriminatory employment practices toward were intentional.

70. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

71. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief the Court deems just and equitable.

## COUNT V
### FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

72. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

73. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

74. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

75. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff s back condition substantially limited one or more major life activities, including but not limited to: walking, standing, bending, lifting, and working.

76. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

77. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff s record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant failed to reasonably accommodate Plaintiff s disabilities and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff s employment with Defendant.

78. The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

79. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

80. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

81. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII - SEX DISCRIMINATION

82. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

83. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII")

84. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his sex by terminating Plaintiff's employment.

85. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

86. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

87. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

88. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

89. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

90. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

91. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his sex by terminating Plaintiff's employment.

92. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

93. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

94. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

95. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT VIII
## AMERICANS WITH DISABILITIES ACT – RETALIATION

96. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

97. Plaintiff suffered an adverse employment action for engaging in protected activity under the Americans with Disabilities Act, as amended. Specifically, Plaintiff was retaliated against by Defendant for requesting a reasonable accommodation for his disability under the Americans with Disabilities Act, as amended by terminating Plaintiff's employment.

98. The above described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

99. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

100. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

102. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

**COUNT IX**
**FLORIDA CIVIL RIGHTS ACT—RETALIATION**

103. Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

104. Plaintiff engaged in protected activity by opposing employment practices made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff was retaliated against by Defendant for requesting a reasonable accommodation for his disability.

105. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action by Defendant when Defendant terminated Plaintiff's employment.

106. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to his requests for reasonable accommodations for his disability.

107. The aforementioned actions by Defendant constitutes retaliation by Defendant in violation of the Florida Civil Rights Act.

108. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

109. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

### COUNT X
### WORKERS' COMPENSATION RETALIATION/COERCION

110.    Plaintiff, ARGIE PUGH, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-seven (37).

111.    Plaintiff was an employee of Defendant within the meaning of Florida Statute § 440.02 (1993).

112.    Defendant unlawfully coerced Plaintiff by reason of Plaintiff's valid claims for Workers' Compensation benefits and/or Plaintiff's attempts to claim compensation under Florida's Workers' Compensation law.

113.    Plaintiff suffered an adverse employment action due to and by reason of Plaintiff's valid claims for Workers' Compensation benefits and/or Plaintiff's attempts to exercise his rights under Florida's Workers' Compensation law. Specifically, Plaintiff's employment was terminated by Defendant.

114.    Defendant has taken unlawful actions against Plaintiff by reason of Plaintiff's

valid claim and/or attempts to exercise his rights for Workers' Compensation benefits in violation of Florida Statute § 440.205.

115. As a direct, natural, foreseeable and proximate result of the Defendant's retaliatory conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant and prays for the following relief:

    a. Back pay;

    b. Future lost wages;

    c. Compensatory damages for emotional distress;

    d. Punitive damages; and

    e. Such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

116. Plaintiff, ARGIE PUGH, demands a trial by jury on all issues so triable.

**DATED** this 4th day of December 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*